**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Markeye Boyd, | : |
| Plaintiff, | : Civil Action No. 15-2210(SRC) |
| v. | : **MEMORANDUM AND ORDER** |
| Plainfield Police Dep't et al. | : |
| Defendants. | : |

**CHESLER**, District Judge:

Plaintiff is an inmate presently confined at Northern State Prison. (Compl., ECF No. 1.) On March 23, 2015, the Clerk received Plaintiff's civil rights complaint and a completed application to proceed without prepayment of fees (*in forma pauperis* or "IFP application"), under 28 U.S.C. § 1915. (Doc. No. 1.) Plaintiff has established his inability to pay the filing fee, and his IFP application will be granted. (Doc. No. 1-3.) Prison officials will begin to deduct partial payments of the filing fee from Plaintiff's prison trust account, in accordance with 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of this proceeding.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(b), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief against a defendant who is immune. In his complaint, Plaintiff alleged that on June 6, 2012, he was taken to the Plainfield Police Department, and four officers held him down while Sergeant Troy Austen pulled down his pants and "went in his colon," causing it to rupture. (Compl., ECF No. 1 at 4.)

Plaintiff alleged the following. Captain Brian Newman authorized the assault because when Plaintiff called to him for help, he turned his head and did nothing. (Id.) Although it is not entirely clear from the complaint, it appears that the officers who held Plaintiff down while Austen assaulted him were Officers Sylvester, O'Brien and Green, the other named defendants. (Id. at 5 and caption of Complaint.) The officers also fractured his hand by stomping on it, and punched his legs. (Id. at 4.) There were others, who are not named as defendants, who helped the officers cover up their misconduct. (Id. at 6.) Internal affairs is still investigating Plaintiff's charges after almost three years. (Id. at 5.)

To state a claim for relief under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and allege that the deprivation was

2

committed by a person acting under color of state law. Morse v. Lower Marion School Dist., 132 F.3d 902, 907 (3d Cir. 1997). Plaintiff alleged an unspecified constitutional violation by state actors. Similar § 1983 claims by pretrial detainees are analyzed as excessive force claims in violation of the Fourteenth Amendment of the Constitution. See Mays v. Truppo, Civ. No. 09-4772(JAG), 2010 WL 715362 (D.N.J. Feb. 22, 2010.)

The Due Process Clause of the Fourteenth Amendment protects a detainee from punishment prior to adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 (1979). The government may, however, "employ devices that are calculated to effectuate" detention. Id. at 537. "If a restriction or condition [of detention] is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees." Id. at 539.

If Plaintiff had not yet been charged at the time of the alleged assault, his excessive force claim would be analyzed instead under the Fourth Amendment standard for unreasonable search and seizure. See Hill v. Algor, 85 F.Supp.2d 391, 403 (D.N.J. 2000)("a person continues to be an arrestee subject to Fourth Amendment protection through the period of post-arrest but pre-arraignment detention.") If the excessive force claim

arises under the Fourth Amendment the following two-step test applies:

> the first step of the analysis addresses whether the force used by the officer was excessive, and therefore violative of the plaintiff's constitutional rights, or whether it was reasonable in light of the facts and circumstances available to the officer at the time. This is not a question of immunity at all, but is instead the underlying question of whether there is even a wrong to be addressed in an analysis of immunity. The second step is the immunity analysis and addresses whether, if there was a wrong, such as the use of excessive force, the officer made a reasonable mistake about the legal constraints on his actions and should therefore be protected against suit.

Curley v. Klem, 499 F.3d 199, 207 (3d Cir. 2007).

Whether Petitioner's claim ultimately arises under the Fourth or Fourteenth Amendments, taking his allegations as true and liberally construing the complaint,[1] Plaintiff has alleged excessive force claims against the four named individual defendants. Plaintiff's claim against Defendant Austen obviously sets forth an excessive use of force, upon which no reasonable mistake about the legal constraints of his actions would support qualified immunity. The conduct also constitutes punishment under the Fourteenth Amendment analysis.

---

[1] See Erickson v. Pardus, 551 U.S. 89, 94 (2007)("a document filed pro se is 'to be liberally construed'")(quoting Estelle v. Gamble, 429 U.S. 97, 99, 106 (1976)("Because the complaint was dismissed for failure to state a claim, we must take as true, its handwritten, pro se allegations.")

4

Plaintiff's claims against Defendants Sylvester, O'Brien and Green, as this Court construes the Complaint, are sufficient because the officers allegedly held Plaintiff down while Defendant Austen assaulted Plaintiff, and they allegedly participated in stomping on Plaintiff's hand and punching his legs, without provocation. This conduct similarly constitutes excessive force upon which qualified immunity would not apply or, alternatively, constitutes punishment under the Fourteenth Amendment.

Plaintiff's claim against Defendant Newman, who allegedly was in a position to interrupt the assault but chose to ignore it, is also sufficient to state a claim, either as punishment under the Due Process Clause or as unreasonable seizure under the Fourth Amendment. See Smith v. Mensinger, 293 F.3d 641, 651 (3d Cir. 2002)("[t]he approving silence emanating from the officer who stands by and watches as others unleash an unjustified assault contributes to the actual use of excessive force.")

Plaintiff also named as defendants Plainfield Police Department and City of Plainfield. (Compl., ECF No. 1). Plaintiff did not make specific allegations against these defendants, although he identified the Plainfield Police Department as the employer of the officers involved in the alleged assault. (Id.) Employers are not vicariously liable

5

under § 1983 for the constitutional torts committed by their employees. <u>Collins v. City of Harker Heights, Texas</u>, 503 U.S. 115, 122 (1992).

Furthermore, municipal entities are liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983." <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978). Petitioner has not alleged any policy or custom that was responsible for the alleged assault on him in the Plainfield police station. Therefore, the claims against the Plainfield Police Department and City of Plainfield will be dismissed without prejudice.

Having completed this screening,

IT IS on this ___7___ day of ___April___, 2015,

ORDERED that, pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(b), the application to proceed IFP submitted by Plaintiff (ECF No. 1-3) is hereby GRANTED; it is further

ORDERED that the Clerk of the Court is directed to file the complaint without prepayment of the filing fee; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail on the Attorney General for the State of New Jersey and on the Administrator at

Northern State Prison, where Plaintiff is presently confined; it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation, in the event Plaintiff is still confined and has not been released from prison; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff, to the extent that Plaintiff is still confined, shall assess, by deducting from his account and forwarding to the Clerk, payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the civil docket number of this action; it is further

ORDERED that the claims against Defendants Plainfield Police Department and City of Plainfield are dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(b); it is further

ORDERED that the remainder of Plaintiff's complaint is permitted to proceed past 28 U.S.C. § 1915A and § 1915(e)(2)(b) screening; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon the individual defendants, with all costs of service advanced by the United States; it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, see Fed. R. Civ. P. 12(a)(1)(A); it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.

STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE