NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARKEYE BOYD,<br><br>      Plaintiff,<br><br>  v.<br><br>PLAINFIELD POLICE DIVISION, CITY OF PLAINFIELD, CAPTAIN BRIAN NEWMAN, LIEUTENANT KEVIN O'BRIEN, SERGEANT CHRISTOPHER SYLVESTER, SERGEANT TROY ALSTON, OFFICER GREEN, and JOHN DOES 1-4,<br><br>      Defendants. | Action No. 15-cv-2210 (SRC)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's motion for the appointment of *pro bono* counsel. (ECF No. 45.) The District Judge previously found that that Plaintiff qualifies for *in forma pauperis* status pursuant to 28 USC § 1915. (ECF No. 46.) Plaintiff filed this action *pro se*, retained counsel, filed his amended complaint through counsel, and the Court thereafter granted counsel's motion to withdraw. (ECF Nos. 1, 8, 20, 26, 29.) Plaintiff presents claims relating to arrests, intrusive cavity searches, a broken hand, and imprisonment in 2012 and 2014. (Am. Compl., ECF No. 8, ¶¶ 1-30.) His allegations include claims of excessive force, false arrest, false imprisonment, failure to intervene, negligent hiring, malicious prosecution, negligence, and intentional infliction of emotional distress. (Id., Counts I-XVI.)

It is well-established that there is no constitutional right to counsel in a civil action. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, the Court may request, though not require, an attorney to represent a civil litigant. Id. (citing 28 U.S.C. § 1915(e)(1)); see also Christy v. Robinson, 216 F.

Supp. 2d 398, 406, n.16 (D.N.J. 2002) (citing Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989)). Although the Court has broad discretion to determine whether the appointment of counsel in a civil matter is appropriate, the Court "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458).

To determine whether to appoint counsel for an indigent litigant in a civil case, the Court first must make a threshold assessment of the merit of one's case such that there must be "some arguable merit in fact and law." Montgomery, at 498-99; Parham, 126 F.3d at 457; Tabron v. Grace, 6 F.3d 147, 155-57, n.5 (3d Cir. 1993). If there exists some merit, the Court should then consider the following factors:

1) the plaintiff's ability to present his own case;
2) the complexity of the legal issues;
3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
4) the amount a case is likely to turn on credibility determinations;
5) whether the case will require the testimony of expert witnesses; and
6) whether the plaintiff can attain and afford counsel on his own behalf.

Id. Notably, a lack of legal training is common to *pro se* litigants and is insufficient to warrant appointment of counsel. Krider v. Heron, No. 06-3231, 2007 WL 2300709, at *2 (D.N.J. Aug. 3, 2007).

Here, upon review of the docket and Plaintiff's application for the appointment of counsel, the Court finds that the amended complaint plainly sets forth Plaintiff's account of the incidents at issue, alleges specific injuries, is comprised of several state and federal claims, and was drafted by an attorney. Taking the factual allegations as true, the amended complaint is accordingly not frivolous and may arguably have merit. The Court next recognizes Plaintiff's limited

comprehension of legal matters as well as his concern for the diligent prosecution of his case and his unsuccessful efforts to secure replacement counsel. The merit of the claims, however, is ultimately unclear because a partial motion to dismiss is currently pending before the District Judge. (ECF No. 53.) In particular, the motion offers some particularly strong arguments involving, for example, Plaintiff's erroneous assertion of *respondeat superior*, apparent failures to file tort claims notices, and prior judicial probable cause determinations as well as any convictions. (Id., 6-15.) Moreover, notwithstanding the length of the complaint, the number of claims presented, and the fact that claims involving emotional distress and law enforcement practices may be amenable to expert review, the case concerns discrete, straightforward factual scenarios for which there are differing accounts. Credibility determinations will be central to the disposition of this case, but they will not be complex and they will be informed significantly by the law enforcement and medical records that relate to the alleged incidents. Furthermore, Plaintiff in his application and other interactions with the Court has demonstrated his organizational skills and commitment to the pursuit of his claims, both of which reflect his ability to investigate and present his case. The Court therefore denies Plaintiff's application for appointment of *pro bono* counsel without prejudice. Plaintiff may renew his application upon a change in circumstances, and the Court will reassess whether to appoint *pro bono* counsel.

**ACCORDINGLY, IT IS** on this 24th day of March, 2017,

**ORDERED** that Plaintiff's motion for the appointment of *pro bono* counsel (ECF No. 45) is denied;

**ORDERED** that the Clerk shall terminate ECF No. 45; and

**ORDERED** that the Clerk shall transmit this Order via certified mail, return receipt requested, to Plaintiff.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**