**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARKEYE BOYD, | |
| Plaintiff, | Civil Action No. 15-2210 (SRC) |
| v. | **OPINION & ORDER** |
| PLAINFIELD POLICE DEPARTMENT et al. | |
| Defendants. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on two motions to dismiss the First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Sgt. Troy Alston, City of Plainfield, Cpt. Brian Newman, Officer Green, Plainfield Police Division, Lt. Kevin O'Brien, and Sgt. Christopher Sylvester (collectively, "Defendants").[1] The first of the two motions (the "2012 motion") concerns an incident alleged to have occurred in 2012, and the second motion (the "2014 motion") concerns an incident alleged to have occurred in 2014. For the reasons stated below, the 2012 motion will be granted, and the 2014 motion will be granted in part and denied in part.

This case arises from disputes between Plaintiff and Defendants over two separate incidents. Plaintiff first filed a Complaint which alleged the 2012 incident. Pursuant to 28 U.S.C. § 1915, this Court screened the Complaint and, *inter alia*, dismissed the § 1983 claims against the City of Plainfield and the Plainfield Police Department for failure to state a valid

---

[1] Defendants Sgt. Troy Alston, Cpt. Brian Newman, Officer Green, Lt. Kevin O'Brien, and Sgt. Christopher Sylvester, collectively, will be referred to as the "Officer Defendants."

claim for relief, finding that the Complaint did not identify any municipal policy or custom that could give rise to Monell liability. Plaintiff subsequently filed an amended Complaint which added claims related to the 2014 incident. The FAC asserts sixteen claims. The first eleven counts assert claims pursuant to 42 U.S.C. § 1983, related to both incidents. The FAC also asserts these claims: 12 and 13) excessive force in violation of the New Jersey Civil Rights Act; 14) NJ common law malicious prosecution; 15) NJ common law negligence; and 16) NJ common law intentional infliction of emotional distress.

Plaintiff was represented by counsel when he filed the FAC, but now proceeds *pro se*. When a plaintiff "filed his complaint *pro se*, we must liberally construe his pleadings, and we will apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

Defendants first move to dismiss the § 1983 claims related to the 2012 incident as barred by the statute of limitations. Defendants contend that the FAC alleges that the 2012 incident occurred on June 6, 2012, and the original Complaint was filed on March 23, 2015, well beyond the 2-year statute of limitations. "[A] section 1983 claim arising in New Jersey has a two-year statute of limitations." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). Plaintiff has not asserted any basis to find equitable tolling of the limitation period. The § 1983 claims related to the 2012 incident are barred by the statute of limitations. The first motion to dismiss will be granted in its entirety, and the § 1983 claims relating to the 2012 incident in the FAC (the First, Third, Fifth, Seventh, and Ninth Counts) will be dismissed with prejudice. Because the Eleventh Count relates to both the 2012 and 2014 incidents, insofar as it relates to the 2012 incident, the Eleventh Count will be dismissed with prejudice. Defendants' brief in support of the first motion does not make any arguments regarding the state law claims related to the 2012

2

incident and, as such, any state law claims related to the 2012 incident survive today's decision.

As to the second motion, Defendants first argue that the claims against the Plainfield Police Department should be dismissed, because it is an arm of another Defendant, the City of Plainfield, and not an entity with a legally independent existence. "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272, 278 (3d Cir. 2004). See also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.6 (3d Cir. 1997) ("we treat the municipality and its police department as a single entity for purposes of section 1983 liability.") Plaintiff makes no argument in opposition. As to the claims against the Plainfield Police Department, the second motion to dismiss will be granted, and the FAC against the Plainfield Police Department only will be dismissed with prejudice.

Defendants next argue that the FAC contains no valid § 1983 claim against the City of Plainfield. The Eleventh Count asserts a claim against the municipality for negligent supervision and training of the Officer Defendants because it failed "to properly instruct and correct Individual Defendants regarding lawful procedures concerning body cavity searches." (FAC at 17 ¶ 3.) Defendants contend, correctly, that the municipality cannot be liable, pursuant to § 1983, under the doctrine of *respondeat superior*. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). A plaintiff may, however, assert a Monell claim for negligent supervision and training of police defendants against a municipality, and Defendants argue that the FAC fails to plead a valid Monell claim. This is correct. "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is

actionable under § 1983." City of Canton v. Harris, 489 U.S. 378, 389 (1989). The FAC does not plead facts which would support an inference that the City of Plainfield operated with deliberate indifference to the rights of its inhabitants in regard to its failure to properly train officers about lawful procedures concerning body cavity searches. In this regard, the FAC is purely conclusory, and does not plead sufficient facts to support a valid claim under the pleading standard of Iqbal. As to the Eleventh Count, the second motion to dismiss will be granted, and the Eleventh Count will be dismissed without prejudice.

Defendants next argue that the Eleventh, Fourteenth, Fifteenth and Sixteenth Counts should be dismissed for failure to comply with the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1-1. Plaintiff has not made any arguments in opposition. Because this Court has already decided to dismiss the Eleventh Count without prejudice, the motion to dismiss the Eleventh Count is moot.[2] The Fourteenth Count (common law malicious prosecution), Fifteenth Count (common law negligence), and Sixteenth Count (common law intentional infliction of emotional distress) are tort claims that fall within the scope of the NJTCA. The record contains no indication that Plaintiff complied with the requirements of the NJTCA, and his common law tort claims against the City of Plainfield and its employees are barred by the NJTCA. As to the Fourteenth, Fifteenth and Sixteenth Counts, the motion to dismiss will be granted, and the Fourteenth, Fifteenth and Sixteenth Counts will be dismissed with prejudice.

Defendants next argue that counts Three through Eight and Fourteen should be dismissed because probable cause existed for Plaintiff's 2014 arrest. Because this Court has already decided to dismiss the Third, Fifth, Seventh and Fourteenth Counts with prejudice, the motion to

---

[2] Moreover, the NJTCA does not apply to § 1983 claims. Fuchilla v. Layman, 109 N.J. 319, 331 (1988).

4

dismiss these counts is moot. This leaves the Fourth (false arrest), Sixth (false imprisonment), and Eighth (failure to intervene in false arrest) Counts. Defendants argue that "probable cause is an absolute defense to false arrest and false imprisonment claims." (Defs.' Br. 10.) Defendants' brief goes on to argue that, while probable cause is generally a matter for the jury, a Court may find probable cause on summary judgment. (Defs.' Br. 12.) While these points may be correct, Defendants have moved to dismiss the complaint, not for summary judgment. This probable cause argument turns on facts outside the Complaint. An argument that relies on proof of facts outside the Complaint cannot succeed on a motion to dismiss. On a motion to dismiss, "[c]ourts must accept as true the plaintiffs' allegations and draw inferences in the plaintiffs' favor." Williams v. BASF Catalysts LLC, 765 F.3d 306, 323 (3d Cir. 2014).

Defendants next raise an argument with the same defect, contending that the Second Count (excessive force) must be dismissed because Defendants' actions were reasonable. Again, Defendants' brief concedes that this is generally a question for the jury but may be resolved on summary judgment. (Defs.' Br. 16.) As just explained, this argument turns on facts outside the Complaint and cannot be resolved in Defendants' favor on a Rule 12(b)(6) motion.

Defendants next move to dismiss the Tenth Count (§ 1983 individual supervisory liability) for failure to allege sufficient facts to raise the right to relief above the speculative level. As Defendants contend, individual supervisory liability claims under § 1983 may be based on either: 1) the defendant's role in maintaining the illegal municipal policy or custom; or 2) the defendant's actual participation in violating a plaintiff's constitutional rights. A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). The FAC does not allege sufficient facts to raise the right to relief above the speculative level on either theory: it offers only conclusory allegations regarding the role of the individual defendants in the constitutional

5

violations. As to the Tenth Count, the motion to dismiss the FAC will be granted, and the Tenth Count will be dismissed without prejudice.

Defendants next move to dismiss the Thirteenth Count (NJCRA) for failure to allege a predicate constitutional violation, based on the expectation that this Court would have granted their motion to dismiss the § 1983 claims. This Court has decided to deny Defendants' motion to dismiss the Second, Fourth, Sixth, and Eighth Counts but, even if it had granted the motion, Plaintiff's allegations of excessive force sufficiently allege a state constitutional violation on which the New Jersey Civil Rights Act claim is predicated.

Lastly, Defendants argue that the Officer Defendants are entitled to qualified immunity from the § 1983 claims. The Third Circuit has held:

> The qualified immunity analysis is thus composed of two constituent questions: first, whether the plaintiff suffered a deprivation of a constitutional or statutory right; and second, if so, whether that right was 'clearly established' at the time of the alleged misconduct. If the answer to either question is 'no,' qualified immunity applies.

Barkes v. First Corr. Med., Inc., 766 F.3d 307, 326 (3d Cir. 2014). "[T]o overcome the assertion of qualified immunity at the motion to dismiss stage, a plaintiff must sufficiently plead not only a violation of a constitutional or statutory right, but also a violation of a clearly established one." Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012). Defendants argue that the Officer Defendants are entitled to qualified immunity because they had probable cause for the arrest, and their search of Plaintiff was reasonable. This argument fails for two reasons. First, it does not address the qualified immunity analysis set forth in Baker. Instead, it deals with issues of reasonableness and probable cause which, as discussed above, rely on matters extrinsic to the FAC, and cannot succeed on a motion to dismiss. On a motion to dismiss, "[t]he focus of the qualified immunity inquiry is on the allegations made . . ." Estate of Lagano v. Bergen County Prosecutor's Office,

769 F.3d 850, 859 (3d Cir. 2014). Defendants' arguments neither make the proper inquiry, nor limit it to the allegations in the FAC.

For these reasons,

**IT IS** on this 6th day of July, 2017

**ORDERED** that Defendants' motion to dismiss the FAC (Docket Entry No. 56) is **GRANTED** and all § 1983 claims arising from the 2012 incident are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that Defendants' motion to dismiss the FAC (Docket Entry No. 53) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Defendant Plainfield Police Department, Defendants' motion to dismiss the FAC (Docket Entry No. 53) is **GRANTED**, and all claims against the Plainfield Police Department are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to the Fourteenth, Fifteenth, and Sixteenth Counts, Defendants' motion to dismiss the FAC (Docket Entry No. 53) is **GRANTED**, and the Fourteenth, Fifteenth, and Sixteenth Counts of the FAC are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to the Tenth and Eleventh Count, Defendants' motion to dismiss the FAC (Docket Entry No. 53) is **GRANTED**, and the Tenth and Eleventh Count (as regards the 2014 incident) of the FAC are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that, as to the remaining claims, Defendants' motion to dismiss the FAC (Docket Entry No. 53) is **DENIED**.

                                          s/ Stanley R. Chesler
                                         STANLEY R. CHESLER, U.S.D.J.